IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION



| | | |
|---|---|---|
| (1) TRACY DARROW, INDIVIDUALLY AND<br>AS INDEPENDENT ADMINISTRATOR OF<br>THE ESTATE OF BETSY BOATNER,<br>(2) COY BOATNER, (3) THOMAS CROOKS,<br>(4) SHELLEY MATHERS, AND<br>(5) RONNIE WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>(1) CIGNA CORPORATION,<br>(2) CIGNA HEALTHCARE OF TEXAS, INC.,<br>(3) DIAGNOSTIC SOLUTIONS CORP.,<br>(4) INSIGHT HEALTH SERVICES CORP., AND<br>(5) MAXUM HEALTH SERVICES CORP.,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:00CV127<br>JURY |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), defendants Cigna Corporation and Cigna Healthcare of Texas, Inc. (collectively, the "Cigna Defendants") file this Notice of Removal and show:

1.    The Cigna Defendants are defendants in a state court action styled *Tracy Darrow, Individually and as Independent Administrator of the Estate of Besty Boatner, Coy Boatner, Thomas Crooks, Shelley Mathers, and Ronnie Williams vs. Cigna Corporation, Cigna Healthcare of Texas, Inc., Diagnostic Solutions Corp., InSight Health Services Corp., and Maxum Health Services Corp.*, Cause No. 7086, pending in the District Court of Rains County, Texas.

2.    Plaintiffs Tracy Darrow (individually and as independent administrator of the estate of Besty Boatner), Coy Boatner, Thomas Crooks, Shelley Mathers and Ronnie Williams

("Plaintiffs") filed their original petition in the state court action on January 14, 2000. On February 10, 2000, Cigna Corporation was served with citation and the state court petition. On February 9, 2000, Cigna Healthcare of Texas, Inc. was served with citation and the state court petition.

3.      Plaintiffs' claims in the state court action "relate to" a qualified employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, which controls and regulates benefits, administration, and other aspects of such employee benefits plans.   Plaintiffs contend that the Cigna Defendants were negligent in their administration of the applicable plan by allegedly requiring Betsy Boatner, an alleged plan participant, to travel to Dallas, Texas for a CT scan.  The crux of Plaintiffs' claim is that the Cigna Defendants were negligent in their administration of an ERISA plan.

4.      Section 514(a) of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.  29 U.S.C. §1144(a). Plaintiffs' claims relate to the Cigna Defendants' performance of their duties as the administrator of an employee benefit plan covered by ERISA.  Accordingly, Plaintiffs' claims are subject to the deliberately expansive and broadly construed preemption provisions of ERISA.  The state court action is therefore removable by virtue of complete federal preemption afforded by ERISA.

5.      The duties of a plan administrator and the rights of a plan participant under an ERISA-governed plan are federal questions.  Therefore, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1331.

6.      Because this is a civil action of which the district courts of the United States have original jurisdiction, this case may be removed to this Court pursuant to 28 U.S.C.§1441(b).

7.    This Notice of Removal is timely filed within thirty (30) days after the Cigna Defendants (or any other defendants) first received a copy of the petition in the state court action. 28 U.S.C. §1446(b).

8.    All other defendants who have been served with summons and the original petition in the state court action have joined in this Notice of Removal, as evidenced by the joinder of defendants Diagnostic Solutions Corp., InSight Health Services Corp. and Maxum Health Services Corp., filed concurrently herewith.

9.    In accordance with 28 U.S.C. §1446(a) and Local Rule CV-81(c)(2), copies of the state court docket sheet and all process, pleadings and orders filed in the state court action as of this date are attached hereto as Exhibit A.

10.    Pursuant to Local Rule CV-81(c)(1), a list of all parties in this case, their party type and the current status of the removed case is attached hereto as Exhibit B.

11.    Pursuant to Local Rule CV-81(c)(3), a complete list of attorneys involved in this case is attached hereto as Exhibit C.

12.    Pursuant to Local Rule CV-81(c)(4), a record of those parties who have requested trial by jury is attached hereto as Exhibit D.

13.    Promptly after the filing of this Notice of Removal, the Cigna Defendants shall give written notice of the removal to Plaintiffs through their attorney of record and to the clerk of the state court as required by 28 U.S.C. §1446(d).

WHEREFORE, the Cigna Defendants request that this action now pending against them in the District Court of Rains County, Texas be removed to the United States District Court for the Eastern District of Texas, Tyler Division, as an action properly removable thereto, and seek general relief.

Respectfully submitted,

E. Stratton Hortes, Jr.
Attorney-in-Charge
State Bar No. 10011800
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 698-8000
(214) 698-1101 (Facsimile)

ATTORNEY FOR DEFENDANTS
CIGNA CORPORATION AND
CIGNA HEALTHCARE OF TEXAS, INC.

OF COUNSEL:

Tom Henson
State Bar No. 09494000
RAMEY & FLOCK
100 E. Ferguson St., Suite 500
Tyler, Texas  75702
(903) 597-3301
(903) 597-2413 (Facsimile)

WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 698-8000
(214) 698-1101 (Facsimile)

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the

following counsel of record via certified mail, return receipt requested, on March 3, 2000:

Edward L. Hohn
Nix, Patterson & Roach, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638

Brady Paddock
Nix, Patterson & Roach, L.L.P.
4330 McKnight Road
P.O. Box 5946
Texarkana, Texas 75505-5946

John C. Ginn
Smith, McDowell & Ginn
315 S. Gilmer
P.O. Box 493
Sulphur Springs, Texas 75483

Alan L. Campbell
Cowles & Thompson
307 S. McDonald Street, Suite 101
McKinney, Texas 75069


E. Stratton Horres, Jr.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| (1) TRACY DARROW, INDIVIDUALLY AND | § | |
| AS INDEPENDENT ADMINISTRATOR OF | § | |
| THE ESTATE OF BETSY BOATNER, | § | |
| (2) COY BOATNER, (3) THOMAS CROOKS, | § | |
| (4) SHELLEY MATHERS, AND | § | |
| (5) RONNIE WILLIAMS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | JURY |
| (1) CIGNA CORPORATION, | § | |
| (2) CIGNA HEALTHCARE OF TEXAS, INC., | § | |
| (3) DIAGNOSTIC SOLUTIONS CORP., | § | |
| (4) INSIGHT HEALTH SERVICES CORP., AND | § | |
| (5) MAXUM HEALTH SERVICES CORP., | § | |
| | § | |
| Defendants. | § | |

## INDEX OF STATE COURT FILE

Pursuant to Local Rule CV-81 of the Local Rules for the United States District Court, Eastern District, all documents contained in the state court's file for the civil action styled *Tracy Darrow, et al. v. Cigna Corporation, et al.*, Cause No. 7086, pending in the District Court of Rains County, Texas, are attached hereto and are filed with the Cigna Defendants' Notice of Removal in this case:

| | Document | Date Filed |
|---|---|---|
| 1. | Docket Sheet | N/A |
| 2. | Plaintiffs' Original Petition | 1/14/00 |
| 3. | Return of Citation – Maxum Health Services Corp. | 2/8/00 |
| 4. | Return of Citation – Cigna Corporation | 2/8/00 |

5.   Return of Citation – Cigna Healthcare of Texas, Inc.        2/8/00

6.   Return of Citation – Diagnostic Solutions Corp.             2/8/00

7.   Return of Citation – Insight Health Services Corp.          2/8/00

8.   Correspondence from Cowles & Thompson                       2/9/00

9.   Defendants Diagnostic Solutions Corp., Insight
     Health Services Corp., and Maxum Health Services
     Corp.'s Motion to Transfer Venue and Original Answer
     Subject Thereto                                             2/14/00

10.  Correspondence from Cowles & Thompson                       2/14/00

11.  Correspondence from Cowles & Thompson                       2/24/00


                              Respectfully submitted,


                              _____
                              E. Stratton Horres, Jr.
                              Attorney-in-Charge
                              State Bar No. 10011800
                              5000 Renaissance Tower
                              1201 Elm Street
                              Dallas, Texas 75270
                              (214) 698-8000
                              (214) 698-1101 (Facsimile)

                              ATTORNEY FOR DEFENDANTS
                              CIGNA CORPORATION AND
                              CIGNA HEALTHCARE OF TEXAS, INC.


OF COUNSEL:

Tom Henson
State Bar No. 09494000
RAMEY & FLOCK
100 E. Ferguson St., Suite 500
Tyler, Texas  75702
(903) 597-3301
(903) 597-2413 (Facsimile)

— AND —

**INDEX OF STATE COURT FILE**                                  **PAGE 2**
68723.1

WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 698-8000
(214) 698-1101 (Facsimile)

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on to the following counsel of record via certified mail, return receipt requested, on March 3, 2000:

Edward L. Hohn
Nix, Patterson & Roach, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638

Brady Paddock
Nix, Patterson & Roach, L.L.P.
4330 McKnight Road
P.O. Box 5946
Texarkana, Texas 75505-5946

John C. Ginn
Smith, McDowell & Ginn
315 S. Gilmer
P.O. Box 493
Sulphur Springs, Texas 75483

Alan L. Campbell
Cowles & Thompson
307 S. McDonald Street, Suite 101
McKinney, Texas 75069

_____
E. Stratton Horres, Jr.

**INDEX OF STATE COURT FILE**
68723.1

**PAGE 3**

# CIVIL DOCKET

CASE NO. _7086_

| NUMBER OF CASE | STYLE OF CASE | ATTORNEYS | KIND OF ACTION | DATE OF FILING | | | PROCESS |
|---|---|---|---|---|---|---|---|
| | | | | Month | Day | Year | |
| 7086 | Tracy Darras ETAL | Ed L. Hohn | Wrongful Death | 1 | 14 | 2000 | |
| | vs. | Plaintiff. | | Jury Demanded by | | | |
| FEE BOOK | | | | Jury Fee, $ | | | |
| Vol. | Page | Virgna Corporation ETAL | Defendant. | Paid by | | | |

| DATE OF ORDERS | | | ORDERS OF COURT | | Minute Book | | |
|---|---|---|---|---|---|---|---|
| Mo. | Day | Year | | | Vol. | Page | |

I, MARY SHEPPARD, DISTRICT CLERK, do hereby
certify that the above and foregoing is a true and cor-
rect copy of _Docket_
as placed on file in my office on _1 14 00_
and of record in vol _File_   Page _Cause 7086_
of the _1st Civil_ Records of Rains County, Texas.
WITNESS MY HAND AND SEAL OF OFFICE this the
_29_ day of _February_ , _2000._

Laura Pete, Deputy
Mary Sheppard, District Clerk

CAUSE NO. 7086

| | |
|---|---|
| TRACY DARROW,  INDIVIDUALLY AND | § |
| AS INDEPENDENT  ADMINISTRATOR OF | § |
| THE ESTATE OF BETSY BOATNER, COY | § |
| BOATNER, THOMAS CROOKS, SHELLEY | § |
| MATHERS, AND RONNIE  WILLIAMS | § |
| | § |
| vs. | § |
| | § |
| CIGNA CORPORATION, | § |
| CIGNA HEALTHCARE OF TEXAS, INC., | § |
| DIAGNOSTIC SOLUTIONS CORP., | § |
| INSIGHT HEALTH SERVICES CORP., AND | § |
| MAXUM HEALTH SERVICES CORP. | § |
| | § |

IN THE DISTRICT COURT

IN AND FOR

RAINS COUNTY, TEXAS

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Tracy Darrow, Individually and as Independent Administrator

of the Estate of Betsy Boatner, Coy Boatner, Thomas Crooks, Shelley Mathers, and Ronnie

Williams and file this Original Petition against Cigna Corporation, Cigna Healthcare of Texas,

Inc., Diagnostic Solutions Corp., InSight Health Services Corp., and Maxum Health Services

Corp. pursuant to the  laws of the State of Texas and would respectfully show the Court the

following:

## L
## DISCOVERY CONTROL PLAN

1.     Discovery in this action is intended to be conducted under Level 3 of Tex. R. Civ.

P. 190.3.  Plaintiffs anticipate filing a docket control order in this action.


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PAGE 1 OF 20

## II.
## PARTIES

2.      Plaintiff, Tracy Darrow ("Darrow"), is an individual residing at Route 2 Box 80, Cumby, Texas, 75433.  Darrow is the duly appointed Independent Administrator of the Estate of Betsy Boatner and brings this action in her individual capacity, in her capacity as Independent Administrator of the Estate of Betsy Boatner and, to the extent necessary or required by Texas Civil Practice and Remedies Code § 71.004, for the benefit of the wrongful death beneficiaries of Betsy Boatner.

3.      Plaintiff, Coy L. Boatner, is the surviving spouse of Betsy Boatner and resides at P. O. Box 665, Emory, Rains County, Texas  75440.

4.      Plaintiff, Thomas Crooks, is a surviving son of Betsy Boatner and resides at 512 Oak Hollow Court, Crowley, Tarrant County, Texas  76035.

5.      Plaintiff, Tracy Darrow, is a surviving daughter of Betsy Boatner and resides at Route 2 Box 80, Cumby, Hunt County, Texas 75433.

6.      Plaintiff, Shelley Mathers, is a surviving daughter of Betsy Boatner and resides at 2900 Robin Road #1405, Greenville, Hunt County, Texas 75402.

7.      Plaintiff, Ronnie Williams, is a surviving son of Betsy Boatner and resides at 3638 FM 513 South, Greenville, Hunt County Texas 75433.

8.      Defendant Cigna Corporation ("Cigna") is a Delaware corporation with its principal place of business located at 1 Liberty Place, Philadelphia, Pennsylvania 19192. Cigna is not qualified to do business in the State of Texas.  Accordingly, Cigna may be served with process by serving the Texas Secretary of State.

2



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG 2 OF 20

9.   Defendant, Cigna Healthcare of Texas, Inc. ("Cigna of Texas") is a corporation with its principal place of business located at 1122 Colorado Street, Suite 205, Austin, Texas 78701. Cigna of Texas has appointed the CT Corporation System as its agent for service of process and said agent may be served at 350 N. St. Paul Street, Dallas, Texas 75201 by certified mail, return-receipt requested pursuant to Texas Rule of Civil Procedure 106(a)(2).

10.   Defendant, Diagnostic Solutions Corp. ("Diagnostic Solutions") is a Delaware Corporation and has appointed the CT Corporation as its agent for service of process. Said agent may be served at 350 N. St. Paul Street, Dallas, Texas 75201 by certified mail, return-receipt requested pursuant to Texas Rule of Civil Procedure 106(a)(2).

11.   Defendant, InSight Health Services Corp. ("Insight") is a Delaware corporation that is no longer qualified to do business in the state of Texas. Accordingly, Insight may be served with process by serving the Texas Secretary of State.

12.   Defendant, Maxum Health Services Corp. ("Maxum") is a corporation with its principal place of business located at 4400 MacArthur Blvd., Suite 800, Newport Beach, California 92660. Maxum has appointed the CT Corporation System as its agent for service of process and said agent may be served at 350 N. St. Paul Street, Dallas, Texas 75201 by certified mail, return-receipt requested pursuant to Texas Rule of Civil Procedure 106(a)(2).

### III.
### JURISDICTION AND VENUE

13.   The Court has jurisdiction over this action because Defendants Cigna, Cigna of Texas, Diagnostic Solutions, InSight, and Maxum were engaged in business enterprises and/or commercial activity within the State of Texas at the time of the occurrence forming the basis of

3



TRUE AND CORRECT COPY OF ORIGINAL FILED IN RAINS COUNTY DISTRICT CLERK'S OFFICE PG  3  OF 20

this lawsuit; the facts giving rise to this action occurred within the State of Texas; and the damages sought by Plaintiffs are well in excess of the minimum jurisdictional limits of this Court.

14.     Venue is proper in the District Court of Rains County, Texas, because all or a substantial part of the events giving rise to the Plaintiffs' cause of action occurred in Rains County, Texas. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

## IV.
### THE TRAGEDY RESULTING IN THE DEATH OF BETSY BOATNER

15.     On Saturday, April 18, 1998, Mrs. Betsy Boatner was cleaning out the kitty litter box at her home in Emory, Texas. She felt a sudden onset of pain in the right side of her head. She felt a little disoriented and dizzy but believed she would get better with rest. However, when her uneasiness persisted, she made an appointment to see Dr. Dee McCrary, her family physician.

16.     On Tuesday, April 21, 1998, Mrs. Boatner and her husband, Coy Boatner, went to Dr. McCrary's office in Greenville, Texas for her scheduled appointment. At that time, Mrs. Boatner was examined by Robin Kent, Dr. McCrary's physician's assistant. After the examination, Dr. McCrary ordered a stat CT scan to rule out a possible cerebral hemorrhage.

17.     Mrs. Boatner was a member of a Cigna Corporation/Cigna Healthcare of Texas, Inc. (hereinafter collectively referred to as "Cigna") health maintenance organization. Because Cigna did not have a diagnostic imaging contract with Presbyterian Hospital in Greenville, Cigna and Diagnostic Solutions would not permit Mrs. Boatner to receive a CT scan at her local hospital. In fact, Dr. McCrary's staff requested that Cigna and Diagnostic Solutions conduct the STAT CT scan in Greenville. Because this request was denied, Dr. McCrary's staff worked

4



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG  4   OF 20

with Diagnostic Solutions (Cigna's scheduling agent) to make arrangements for Mrs. Boatner's STAT CT scan to be conducted at the nearest authorized facility. Ultimately, Cigna and Diagnostic Solutions made arrangements for Mrs. Boatner to have the STAT CT scan at Maxum in Dallas.

18.    By the time the Boatners left for Dallas, it was between 3:30 and 4:00 p.m. Maxum, Diagnostic Solutions, and Cigna were all fully aware of the scheduled procedure and knew that Mrs. Boatner was on her way to Dallas. As expected, the Boatners encountered Dallas rush hour traffic and did not arrive at Maxum until some time between 5:00 and 6:00 p.m.

19.    Upon arrival at Maxum, the Boatners spoke with employees of Maxum and were informed that Maxum's radiologist had gone home and that Mrs. Boatner would need to reschedule her STAT CT scan. Maxum sent Mrs. Boatner back out into a medically uncontrolled environment, and she returned to her home in Emory, Rains County, Texas.

20.    Little did the Boatners know that the evening of April 21, 1998, would be the last that they would ever share together. Mrs. Boatner slept through the night and arose the next morning. She felt good enough to shower, dress, undertake her usual morning activities, and leave for work. Intending to report for work and then return to Dr. McCrary's office as soon as it opened, she climbed in her truck and began traveling to work. Less than half a mile from her home, she lost consciousness, and her truck slowly swerved off the road and collided with a tree at a low speed. Mrs. Boatner was wearing her seat belt at the time of the accident and did not sustain any identifiable bodily harm as a result of the automobile accident. An eyewitness saw nothing wrong with Mrs. Boatner except the unexplained loss of consciousness.



TRUE AND CORRECT COPY OF ORIGINAL FILED IN RAINS COUNTY DISTRICT CLERK'S OFFICE PG 5 OF 20

21.     At the time that Maxum turned Mrs. Boatner away, she was suffering from a life threatening condition. She had developed a sentinel bleed from an aneurysm in her basilar artery. Ultimately, the aneurysm fully ruptured and Mrs. Boatner died on April 24, 1998. If Mrs. Boatner had received the STAT CT scan on Tuesday, April 21, 1998, Dr. McCrary would have immediately admitted Mrs. Boatner to the nearest emergency room for an immediate neurosurgical consult to include immediate hospitalization and stabilization, a cerebral angiogram, and urgent surgical intervention to repair the aneurysm. Had Mrs. Boatner received such care and treatment, she would not have died.

## V.
## CLAIMS AGAINST CIGNA

22.     The allegations of paragraphs 1-21 above are incorporated herein by reference.

23.     At all times relevant hereto, Cigna, through its employees, agents, servants, ostensible agents, and representatives made healthcare treatment decisions with respect to the care and treatment received by Mrs. Boatner.

24.     Cigna violated Section 88.002(a) of the Texas Civil Practice & Remedies Code and negligently performed an undertaking by requiring Mrs. Boatner to travel to Dallas, Texas, for a STAT CT scan (over sixty miles away) when a CT scanner was available at Presbyterian Hospital only one floor above Dr. McCrary's office.

25.     Cigna also violated Section 88.002(b) of the Texas Civil Practice & Remedies Code and negligently performed an undertaking because Diagnostic Solutions, Insight, and Maxum (Cigna's agents, ostensible agents, or representatives) failed to exercise ordinary care in one or more of the following ways:

6



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG 16 OF 20

(1)     scheduling Betsy Boatner for a STAT CT scan at a facility in Dallas, Texas (over sixty miles away from Dr. McCrary's office) when a CT scanner was available at Presbyterian Hospital only one floor above Dr. McCrary's office;

(2)     failing to ensure that a radiologist would be on duty and ready to immediately perform, interpret, and report the results of the STAT CT scan to Dr. McCrary and take the next step in Mrs. Boatner's immediate care;

(3)     canceling Betsy Boatner's scheduled STAT CT scan on April 21, 1998;

(4)     failing to notify Dr. McCrary and/or his office staff that the STAT CT scan had been cancelled at Maxum's direction;

(5)     failing to make immediate arrangements for Betsy Boatner to have a STAT CT scan conducted at one of InSight and/or Maxum's other diagnostic imaging facilities in the Dallas/Fort Worth metroplex after the radiologist left the Forest Lane facility on April 21, 1998; and

(6)     Otherwise failing to act with reasonable care under the circumstances.

26.     The negligent conduct set forth above proximately caused the death of Mrs. Boatner and Plaintiffs' damages.

## VI.
## CLAIMS AGAINST DIAGNOSTIC SOLUTIONS

27.     The allegations of paragraphs 1-21 above are incorporated herein by reference.

28.     At all times relevant hereto, Diagnostic Solutions, through its employees, agents, servants, ostensible agents, and representatives made healthcare treatment decisions with respect to the care and treatment received by Mrs. Boatner.

29.     Diagnostic Solutions violated Section 88.002(a) of the Texas Civil Practice & Remedies Code and negligently performed an undertaking by failing to exercise ordinary care in one or more of the following ways:

7



TRUE AND CORRECT COPY OF ORIGINAL FILED IN RAINS COUNTY DISTRICT CLERK'S OFFICE PG____ OF____

(1)    scheduling Betsy Boatner for a STAT CT scan at a facility in Dallas, Texas (over sixty miles away from Dr. McCrary's office) when a CT scanner was available at Presbyterian Hospital only one floor above Dr. McCrary's office;

(2)    failing to ensure that a radiologist would be on duty and ready to immediately perform, interpret, and report the results of the CT scan to Dr. McCrary and take the next step in Mrs. Boatner's immediate care;

(3)    failing to make immediate arrangements for Betsy Boatner to have a CT scan conducted at one of InSight and/or Maxum's other diagnostic imaging facilities in the Dallas/Fort Worth metroplex after the radiologist left the Central Expressway facility on April 21, 1998; and

(4)    otherwise failing to act with reasonable care under the circumstances.

30.    Diagnostic Solutions also violated Section 88.002(b) of the Texas Civil Practice & Remedies Code and negligently performed an undertaking because Insight and Maxum (Cigna and Diagnostic Solutions' agents, ostensible agents, or representatives) failed to use reasonable care in making the following healthcare treatment decisions regarding Mrs. Boatner:

(1)    scheduling Betsy Boatner for a STAT CT scan at a facility in Dallas, Texas (over sixty miles away from Dr. McCrary's office) when a CT scanner was available in the very same building as Dr. McCrary's office;

(2)    failing to ensure that a radiologist would be on duty and ready to immediately perform, interpret, and report the results of the CT scan to Dr. McCrary;

(3)    canceling Betsy Boatner's scheduled CT scan on Tuesday, April 21, 1998, after being informed of the emergency need for the diagnostic test;

(4)    failing to notify Dr. McCrary and/or his office staff, Diagnostic Solutions, and Cigna that the CT scan had been cancelled;

(5)    failing to make immediate arrangements for Betsy Boatner to have a CT scan conducted at one of InSight and/or Maxum's other diagnostic imaging facilities in the Dallas/Fort Worth metroplex after the radiologist left the Central Expressway facility on April 21, 1998;

8

TRUE AND CORRECT COPY OF ORIGINAL FILED IN RAINS COUNTY DISTRICT CLERK'S OFFICE PG ___ OF ___

(6)     otherwise failing to act with reasonable care under the circumstances.

31.     The negligent conduct set forth above proximately caused the death of Mrs. Boatner and Plaintiffs' damages.

## VII.
## CLAIMS AGAINST INSIGHT AND MAXUM

32.     The allegations of paragraphs 1-21 above are incorporated herein by reference.

33.     At all times relevant hereto, InSight and Maxum through their employees, agents, servants, ostensible agents, and representatives, including, but not limited to, its radiologists, employees, managers, and technologists, made healthcare treatment decisions with respect to Mrs. Boatner.

34.     Insight and Maxum violated Section 88.002(a) of the Texas Civil Practice & Remedies Code, committed medical negligence, or, in the alternative, negligently performed an undertaking in one or more of the following ways:

(1)     failing to perform the STAT CT scan ordered by Dr. McCrary when it had agreed, required the manner and method, and had undertaken to do so knowing that Dr. McCrary and the Boatners were relying upon Insight and Maxum to perform the diagnostic test;

(2)     failing to ensure that a radiologist would be on duty and ready to immediately perform, interpret, and report the results of the CT scan to Dr. McCrary;

(3)     canceling Mrs. Boatner's scheduled CT scan on April 21, 1998, without rhyme or reason;

(4)     failing to notify Dr. McCrary and/or his office staff, Diagnostic Solutions, and Cigna that the CT scan had been cancelled;

(5)     failing to make immediate arrangements for Mrs. Boatner to have a CT scan conducted at one of InSight and/or Maxum's other diagnostic imaging

9


TRUE AND CORRECT COPY OF ORIGINAL FILED IN RAINS COUNTY DISTRICT CLERK'S OFFICE PG __ OF __

facilities in the Dallas/Fort Worth metroplex after its radiologist left the
Central Expressway facility on April 21, 1998;

(6)     otherwise failing to act with reasonable care under the circumstances.

35.     Insight and Maxum also violated Section 88.002(b) of the Texas Civil Practice &
Remedies Code, committed medical negligence, or, in the alternative, negligently performed an
undertaking because its employees, managers, technicians, agents, ostensible agents, or
representatives failed to exercise ordinary care in one or more of the following ways:

(1)     failing to ensure that a radiologist would be on duty and ready to
immediately perform, interpret, and report the results of the STAT CT
scan to Dr. McCrary;

(2)     canceling Betsy Boatner's scheduled STAT CT scan on April 21, 1998,
for no reason;

(3)     failing to notify Dr. McCrary and/or his office staff, Diagnostic Solutions,
and / or Cigna that the STAT CT scan had been unilaterally cancelled;

(4)     failing to make immediate arrangements for Betsy Boatner to have a
STAT CT scan conducted at one of InSight and/or Maxum's other
diagnostic imaging facilities in the Dallas/Fort Worth metroplex after its
radiologist left the Central Expressway facility on April 21, 1998; and

(5)     otherwise failing to act with reasonable care under the circumstances.

36.     The negligent conduct listed above proximately caused the death of Mrs. Boatner
and Plaintiffs' damages.

**VIII.**
**DAMAGES**

37.     Plaintiffs would show the Court and Twelve Jurors True of Rains County, Texas
that based upon the foregoing acts and/or omissions by the various Defendants the Plaintiffs and

10

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG __10__ OF __20__

their family members have been made to suffer severe and horrendous damages as a result of the wrongful death of Mrs. Boatner on April 24, 1998.

38.   As a proximate result of the acts and omissions of the Defendants, Plaintiffs Tracy Darrow, Individually, as Independent Administrator of the Estate of Betsy Boatner, Coy Boatner, Thomas Crooks, Shelley Mathers,  and Ronnie Williams would show that prior to the injury and death made the basis of this suit, Mrs. Boatner was a member of a beautiful, vibrant, healthy, loving, and supportive family who dearly loved her.   Furthermore, Mrs. Boatner enjoyed popularity, respect and admiration from her peers and members of the community in which she resided. As a proximate cause of the acts and/or omissions of the Defendants as listed above, Mrs. Boatner was destroyed on April 24, 1998,  and no longer exists in the physical world.  Plaintiffs, Tracy Darrow, Independent Administrator of the Estate of Betty Boatner, Coy Boatner, Thomas Crooks, Shelley Mathers, and Ronnie Williams suffered an enormous loss in the untimely traumatic death of their wife and mother.  Mrs. Boatner's untimely death has caused severe and horrendous damage to each of these Plaintiffs and to the entire family. Therefore, pursuant to the Wrongful Death Statute under Section 71.001 et seq. of the Texas Civil Practices and Remedies Code, the Survival Statute under Section 71.021 of the Texas Civil Practices and Remedies Code, and under the Common Law of the State of Texas, Plaintiffs hereby affirmatively seek all statutory and common law damages available under the Laws of the State of Texas. Tex. Civ. Prac. & Rem. Code Ann. § 71.001 et. Seq. (Vernon 1998). Tex. Civ. Prac. & Rem. Code Ann. § 71.021 (Vernon 1998).

39.   The Damages sought by Plaintiff,  Tracy Darrow, Individually, specifically include, but are not limited to, the following:


FILED IN RAINS CO...
DISTRICT CLERK'S OFF...
PG __11__ OF 2...

(1)     Reasonable and necessary medical expenses incurred in the past and future;

(2)     Lost earning capacity in the past;

(3)     Lost earning capacity in the future;

(4)     Mental anguish in the past;

(5)     Mental anguish in the future;

(6)     Mental anguish for Betsy Boatner during the injury sequence, immediately following the injury and for the time she was unconscious and alive on the injury scene before she expired;

(7)     Pecuniary loss in the past for the value of Betsy Boatner's services;

(8)     Pecuniary loss in the future for the value of Betsy Boatner's services;

(9)     Loss of consortium in the past;

(10)     Loss of consortium in the future;

(11)     Loss of love, companionship, comfort and society in the past;

(12)     Loss of love, companionship, comfort and society in the future;

(13)     Loss of inheritance;

(14)     Exemplary and punitive damages past and future;

(15)     Pre-judgment interest as recoverable by law at the highest rate allowed by law. Tex. Civ. Prac. & Rem. Code Ann. § 5069-1.05;

(16)     Post-judgment interest as recoverable by law at the highest rate allowed by law;

(17)     Conscious pain and suffering;

(18)     Reasonable and necessary funeral, burial expenses incurred by Plaintiffs as a result of the untimely death of Betsy Boatner; and

(19)     Bystander recovery for being forced to witness the horrific event.

12


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG 12 OF 20

These damages are ongoing and continue to accrue.

40.    The Damages sought by Plaintiff, Tracy Darrow, Independent Administrator of the estate of Betsy Boatner, specifically include, but are not limited to, the following:

(1)    Reasonable and necessary medical expenses incurred in the past and future;

(2)    Lost earning capacity in the past;

(3)    Lost earning capacity in the future;

(4)    Mental anguish in the past;

(5)    Mental anguish in the future;

(6)    Mental anguish for Betsy Boatner during the injury sequence, immediately following the injury and for the time she was unconscious and alive on the injury scene before she expired;

(7)    Pecuniary loss in the past for the value of Betsy Boatner's services;

(8)    Pecuniary loss in the future for the value of Betsy Boatner's services;

(9)    Loss of consortium in the past;

(10)   Loss of consortium in the future;

(11)   Loss of love, companionship, comfort and society in the past;

(12)   Loss of love, companionship, comfort and society in the future;

(13)   Loss of inheritance;

(14)   Exemplary and punitive damages past and future;

(15)   Pre-judgment interest as recoverable by law at the highest rate allowed by law. Tex. Civ. Prac. & Rem. Code Ann. § 5069-1.05;

(16)   Post-judgment interest as recoverable by law at the highest rate allowed by law;

(17)   Conscious pain and suffering;

13



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG 13 OF 20

(18)   Reasonable and necessary funeral, burial expenses incurred by Plaintiffs as a result of the untimely death of Betsy Boatner; and

(19)   Bystander recovery for being forced to witness the horrific event.

These damages are ongoing and continue to accrue.

41.   The Damages sought by Plaintiff, Coy Boatner, specifically include, but are not limited to, the following:

(1)   Reasonable and necessary medical expenses incurred in the past and future;

(2)   Lost earning capacity in the past;

(3)   Lost earning capacity in the future;

(4)   Mental anguish in the past;

(5)   Mental anguish in the future;

(6)   Mental anguish for Betsy Boatner during the injury sequence, immediately following the injury and for the time she was unconscious and alive on the injury scene before she expired;

(7)   Pecuniary loss in the past for the value of Betsy Boatner's services;

(8)   Pecuniary loss in the future for the value of Betsy Boatner's services;

(9)   Loss of consortium in the past;

(10)   Loss of consortium in the future;

(11)   Loss of love, companionship, comfort and society in the past;

(12)   Loss of love, companionship, comfort and society in the future;

(13)   Loss of inheritance;

(14)   Exemplary and punitive damages past and future;

14


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG 14 OF 20

(15)   Pre-judgment interest as recoverable by law at the highest rate allowed by law. Tex. Civ. Prac. & Rem. Code Ann. § 5069-1.05;

(16)   Post-judgment interest as recoverable by law at the highest rate allowed by law;

(17)   Conscious pain and suffering;

(18)   Reasonable and necessary funeral, burial expenses incurred by Plaintiffs as a result of the untimely death of Betsy Boatner; and

(19)   Bystander recovery for being forced to witness the horrific event.

These damages are ongoing and continue to accrue.

42.   The Damages sought by Plaintiff, Thomas Crooks, specifically include, but are not limited to, the following:

(1)   Reasonable and necessary medical expenses incurred in the past and future;

(2)   Lost earning capacity in the past;

(3)   Lost earning capacity in the future;

(4)   Mental anguish in the past;

(5)   Mental anguish in the future;

(6)   Mental anguish for Betsy Boatner during the injury sequence, immediately following the injury and for the time she was unconscious and alive on the injury scene before she expired;

(7)   Pecuniary loss in the past for the value of Betsy Boatner's services;

(8)   Pecuniary loss in the future for the value of Betsy Boatner's services;

(9)   Loss of consortium in the past;

(10)   Loss of consortium in the future;

(11)   Loss of love, companionship, comfort and society in the past;



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG 15 OF 20

(12)    Loss of love, companionship, comfort and society in the future;

(13)    Loss of inheritance;

(14)    Exemplary and punitive damages past and future;

(15)    Pre-judgment interest as recoverable by law at the highest rate allowed by law. Tex. Civ. Prac. & Rem. Code Ann. § 5069-1.05;

(16)    Post-judgment interest as recoverable by law at the highest rate allowed by law;

(17)    Conscious pain and suffering;

(18)    Reasonable and necessary funeral, burial expenses incurred by Plaintiffs as a result of the untimely death of Betsy Boatner; and

(19)    Bystander recovery for being forced to witness the horrific event.

These damages are ongoing and continue to accrue.

43.    The Damages sought by Plaintiff, Shelly Mathers, specifically include, but are not limited to, the following:

(1)    Reasonable and necessary medical expenses incurred in the past and future;

(2)    Lost earning capacity in the past;

(3)    Lost earning capacity in the future;

(4)    Mental anguish in the past;

(5)    Mental anguish in the future;

(6)    Mental anguish for Betsy Boatner during the injury sequence, immediately following the injury and for the time she was unconscious and alive on the injury scene before she expired;

(7)    Pecuniary loss in the past for the value of Betsy Boatner's services;

(8)    Pecuniary loss in the future for the value of Betsy Boatner's services;

16



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG 16 OF 20

(9)     Loss of consortium in the past;

(10)    Loss of consortium in the future;

(11)    Loss of love, companionship, comfort and society in the past;

(12)    Loss of love, companionship, comfort and society in the future;

(13)    Loss of inheritance;

(14)    Exemplary and punitive damages past and future;

(15)    Pre-judgment interest as recoverable by law at the highest rate allowed by law. Tex. Civ. Prac. & Rem. Code Ann. § 5069-1.05;

(16)    Post-judgment interest as recoverable by law at the highest rate allowed by law;

(17)    Conscious pain and suffering;

(18)    Reasonable and necessary funeral, burial expenses incurred by Plaintiffs as a result of the untimely death of Betsy Boatner; and

(19)    Bystander recovery for being forced to witness the horrific event.

These damages are ongoing and continue to accrue.

44.     The Damages sought by Plaintiff, Ronnie Williams, specifically include, but are not limited to, the following:

(1)     Reasonable and necessary medical expenses incurred in the past and future;

(2)     Lost earning capacity in the past;

(3)     Lost earning capacity in the future;

(4)     Mental anguish in the past;

(5)     Mental anguish in the future;

17



TRUE AND CORRECT COPY OF ORIGINAL FILED IN RAINS COUNTY DISTRICT CLERK'S OFFICE PG ___ OF ___

(6)     Mental anguish for Betsy Boatner during the injury sequence, immediately following the injury and for the time she was unconscious and alive on the injury scene before she expired;

(7)     Pecuniary loss in the past for the value of Betsy Boatner's services;

(8)     Pecuniary loss in the future for the value of Betsy Boatner's services;

(9)     Loss of consortium in the past;

(10)    Loss of consortium in the future;

(11)    Loss of love, companionship, comfort and society in the past;

(12)    Loss of love, companionship, comfort and society in the future;

(13)    Loss of inheritance;

(14)    Exemplary and punitive damages past and future;

(15)    Pre-judgment interest as recoverable by law at the highest rate allowed by law. Tex. Civ. Prac. & Rem. Code Ann. § 5069-1.05;

(16)    Post-judgment interest as recoverable by law at the highest rate allowed by law;

(17)    Conscious pain and suffering;

(18)    Reasonable and necessary funeral, burial expenses incurred by Plaintiffs as a result of the untimely death of Betsy Boatner; and

(19)    Bystander recovery for being forced to witness the horrific event.

These damages are ongoing and continue to accrue.

45.     Plaintiff, Tracy Darrow, Independent Administrator of the Estate of Betsy Boatner, also seeks the recovery of exemplary damages for Betsy Boatner's Estate and for the wrongful death beneficiaries of Betsy Boatner because of the gross neglect of the Defendants in subjecting Betsy Boatner to an extreme degree of risk considering the probability and magnitude

18


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG 18 OF 20

of the harm to persons such as Betsy Boatner, when it had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of Betsy Boatner. Such exemplary damages are sought by this Plaintiff to make an example of Defendants and to deter others from acting with such conscious indifference as Defendants did on this occasion.

## IX.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Tracy Darrow, Individually and as Independent Administrator of the Estate of Betsy Boatner, Coy Boatner, Thomas Crooks, Tracy Darrow, Shelley Mathers, and Ronnie Williams pray that Defendants be cited to appear and answer and that upon final hearing have and recover judgment of and from Defendants jointly and severally, for compensatory damages claimed herein in an amount in excess of the minimal jurisdictional limits of this Court and in excess of the amount required for diversity of citizenship in federal cases; for exemplary damages; for pre-judgment and post-judgment interest; for such costs of suit for having to bring and develop this action; and for such other relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

John C. Ginn
Texas Bar No. 07966900
**SMITH, MCDOWELL & GINN**
315 S. Gilmer
P. O. Box 493
Sulphur Springs, Texas 75483
Phone:     903-885-3116
Facsimile: 903-885-7549

19


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG 19 OF 20

Brady Paddock
Texas Bar No. 00791394
**NIX, PATTERSON & ROACH, L.L.P.**
4330 McKnight Road
P.O. Box 5946
Texarkana, Texas 75505-5946
Phone:    903-838-4314
Facsimile:  903-223-8520

Edward L. Hohn
**NIX, PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas  75638
Phone:    903-645-7333
Facsimile:  903-645-5389

_Edward L. Hohn_

Edward L. Hohn
Texas Bar No. 09813240

## JURY DEMAND

Plaintiffs respectfully request their right to a trial by jury of 12 jurors true of Rains County, Texas.

By: _Edward L. Hohn_

Edward L. Hohn

20



I, MARY SHEPPARD, DISTRICT CLERK, do hereby certify that the above and foregoing is a true and correct copy of Plaintiffs Original Petition as placed on file in my office on ___1/14/2000___ and of record in Vol Oofil Page Cause 7086 of the Dist Civil Records of Rains County, Texas. WITNESS MY HAND AND SEAL OF OFFICE this the 29 day of February, 2000.

Laura Pate, Deputy
Mary Sheppard, District Clerk

Citation-General Personal Service
Notice by Certified Mailing

CLERK OF THE COURT:                              PLANTIFF'S ATTORNEY
MARY SHEPPARD, DISTRICT CLERK                    EDWARD HOHN
PO BOX 187                                       205 LINDA DRIVE
EMORY, TX 75440                                  DAINGERFIELD, TX 75638

THE STATE OF TEXAS ◇          **CERTIFIED MAIL Z-405-684-017**
COUNTY OF RAINS ◇

TO: *MAXUM HEALTH SERVICES CORP, 4400 MACARTHUR BLVD, STE*
*800, NEWPORT BEACH, CA 92660, C/O CT CORPORATION*
*SYSTEM, 350 N. PAUL ST, DALLAS, TX 75201, GREETINGS:*

NOTICE TO DEFENDANT:  YOU HAVE BEEN SUED.  YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR
ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 AM
ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED
THIS CITATION AND A COPY OF THE **PLAINTIFFS' ORIGINAL PETITION** A DEFAULT JUDGMENT MAY BE
TAKEN AGAINST YOU.

WHEREAS, **TRACY DARROW, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF**
**BETSY BOATNER, ET AL,** PLAINTIFFS, FILED A **PLAINTIFFS' ORIGINAL PETITION** in the 354th
District Court of Rains County, Texas on the 14ᵀᴴ day of **JANUARY, 2000,** in a SUIT NUMBERED
7086 on the docket of said court ALLEGING all of which is more fully shown by a true and
correct copy of the **PLAINTIFFS' ORIGINAL PETITION,** which is attached hereto.

If this citation is not served within 90 days after date of its issuance, it shall be
returned unserved.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT at office, this the 8ᵀᴴ day of
**FEBRUARY, 2000.**

MARY SHEPPARD, COUNTY & DISTRICT CLERK
RAINS COUNTY, TEXAS

(SEAL)        BY: _Deborah Taylor_ (Deputy)

*OFFICER'S RETURN BY MAILING*

Came to hand on the _8_ day of _February_ 2000 and executed by mailing to the Defendant
certified mail, return receipt requested a true copy of this citation together with an
attached copy of the **PLAINTIFFS' ORIGINAL PETITION** to the following address 350 N. ST
PAUL ST, DALLAS, TEXAS 75201.
Service upon the Defendant is evidenced by the Return Receipt incorporated herein and
attached hereto, signed by: _CT Corp Systems_
and dated _2-9-00_ ; OR, this citation was not executed for the
following reason: _____

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY:  MARY SHEPPARD, DISTRICT CLERK

BY: _Deborah Taylor_ , DEPUTY

I, MARY SHEPPARD, DISTRICT CLERK, do hereby
certify that the above and foregoing is a true and cor-
rect copy of _____
as filed on file in my office or
and of record in Vol _____
of the _____ Records of Rains County, Texas.
WITNESS MY HAND AND SEAL OF OFFICE this the
_____ to day of _____

Mary Sheppard, District Clerk

COPY OF ORIGINAL
FILED IN RAINS COU...
DISTRICT CLERK'S OFF...
PG___1___ OF___2___

Citation-General Personal Service
Notice by Certified Mailing

CLERK OF THE COURT:
MARY SHEPPARD, DISTRICT CLERK
PO BOX 187
EMORY, TX 75440

PLANTIFF'S ATTORNEY
EDWARD HOHN
205 LINDA DRIVE
DAINGERFIELD, TX 75638

THE STATE OF TEXAS <>          **CERTIFIED MAIL Z-405-684-063**
COUNTY OF RAINS  <>

TO: *CIGNA CORPORATION, 1 LIBERTY PLACE, PHILADELPHIA, PENNSYLVANIA, 19192, C/O SECRETARY OF STATE, CITATIONS UNIT, PO BOX 12079, AUSTIN, TX 78711-2079, GREETINGS:*

NOTICE TO DEFENDANT:  YOU HAVE BEEN SUED.  YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 AM ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND A COPY OF THE **PLAINTIFFS' ORIGINAL PETITION** A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

WHEREAS, **TRACY DARROW, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF BETSY BOATNER, ET AL**, PLAINTIFFS, FILED A **PLAINTIFFS' ORIGINAL PETITION** in the 354th District Court of Rains County, Texas on the 14TH day of JANUARY, 2000, in a SUIT NUMBERED 7086 on the docket of said court ALLEGING all of which is more fully shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION**, which is attached hereto.

If this citation is not served within 90 days after date of its issuance, it shall be returned unserved.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT at office, this the 8TH day of **FEBRUARY, 2000.**

MARY SHEPPARD, COUNTY & DISTRICT CLERK
RAINS COUNTY, TEXAS

(SEAL)         BY: _Deborah Taylor_ (Deputy)

*OFFICER'S RETURN BY MAILING*

Came to hand on the 8 day of February 2000 and executed by mailing to the Defendant certified mail, return receipt requested a true copy of this citation together with an attached copy of the **PLAINTIFFS' ORIGINAL PETITION** to the following address PO BOX 12079, AUSTIN, TEXAS, 78711-2079.
Service upon the Defendant is evidenced by the Return Receipt incorporated herein and attached hereto, signed by: _Doug Bennight_
and dated _2-10-00_ ; OR, this citation was not executed for the following reason:

_____

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY:  MARY SHEPPARD, DISTRICT CLERK

BY: _Deborah Taylor_ , DEPUTY

TRUE AND CORRECT COPY OF ORIGINAL FILED IN RAINS COUNTY DISTRICT CLERK'S OFFICE PG 1 OF 2

Citation-General Personal Service
Notice by Certified Mailing

CLERK OF THE COURT:                                    PLANTIFF'S ATTORNEY
MARY SHEPPARD, DISTRICT CLERK                          EDWARD HOHN
PO BOX 187                                             205 LINDA DRIVE
EMORY, TX 75440                                        DAINGERFIELD, TX 75638

THE STATE OF TEXAS ◇          **CERTIFIED MAIL Z-405-684-036**
COUNTY OF RAINS   ◇

TO: *CIGNA HEALTHCARE OF TEXAS, INC., 1122 COLORADO ST, STE
    205, AUSTIN, TX 78701, C/O CT CORPORATION SYSTEM, 350 N
    PAUL ST, DALLAS, TEXAS 75201, GREETINGS:*

NOTICE TO DEFENDANT:   YOU HAVE BEEN SUED.   YOU MAY EMPLOY AN ATTORNEY.   IF YOU OR YOUR
ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 AM
ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED
THIS CITATION AND A COPY OF THE **PLAINTIFFS' ORIGINAL PETITION** A DEFAULT JUDGMENT MAY BE
TAKEN AGAINST YOU.

WHEREAS, **TRACY DARROW, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF
BETSY BOATNER, ET AL**, PLAINTIFFS, FILED A **PLAINTIFFS' ORIGINAL PETITION** in the 354th
District Court of Rains County, Texas on the 14TH day of JANUARY, 2000, in a SUIT NUMBERED
7086 on the docket of said court ALLEGING all of which is more fully shown by a true and
correct copy of the **PLAINTIFFS' ORIGINAL PETITION**, which is attached hereto.

If this citation is not served within 90 days after date of its issuance, it shall be
returned unserved.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT at office, this the 8TH day of
**FEBRUARY, 2000.**

                    MARY SHEPPARD, COUNTY & DISTRICT CLERK
                         RAINS COUNTY, TEXAS

    (SEAL)        BY: Deborah Sigler (Deputy)

                    *OFFICER'S RETURN BY MAILING*

Came to hand on the 8 day of February, 2000 and executed by mailing to the Defendant
certified mail, return receipt requested a true copy of this citation together with an
attached copy of the **PLAINTIFFS' ORIGINAL PETITION** to the following address 350 N PAUL
ST, DALLAS, TEXAS, 75201.
Service upon the Defendant is evidenced by the Return Receipt incorporated herein and
attached hereto, signed by: C T Corp
and dated  2-9-00        ; OR, this citation was not executed for the
following reason:
_____

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY:   MARY SHEPPARD, DISTRICT CLERK

BY: Deborah Sigler , DEPUTY

I, MARY SHEPPARD, DISTRICT CLERK, do hereby
certify that the above and foregoing is a true and cor-
rect copy of _____
as placed on file in my office on _____
and of record in Vol. _____ Page _____
Records of Rains County, Texas.
WITNESS MY HAND AND SEAL OF OFFICE this the
_____ day of _____ to _____

Mary Sheppard, District Clerk

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG ___1___ OF ___2___

Citation-General Personal Service
Notice by Certified Mailing

CLERK OF THE COURT:                          PLANTIFF'S ATTORNEY
MARY SHEPPARD, DISTRICT CLERK                EDWARD HOHN
PO BOX 187                                   205 LINDA DRIVE
EMORY, TX 75440                              DAINGERFIELD, TX 75638

THE STATE OF TEXAS ◇         **CERTIFIED MAIL Z-405-684-037**
COUNTY OF RAINS  ◇

TO: *DIAGNOSTIC SOLUTIONS CORP., C/O. CT CORPORATION, 350 N PAUL ST, DALLAS, TEXAS 75201, GREETINGS:*

NOTICE TO DEFENDANT:  YOU HAVE BEEN SUED.  YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 AM ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND A COPY OF THE **PLAINTIFFS' ORIGINAL PETITION** A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

WHEREAS, **TRACY DARROW, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF BETSY BOATNER, ET AL,** PLAINTIFFS, FILED A **PLAINTIFFS' ORIGINAL PETITION** in the 354th District Court of Rains County, Texas on the 14TH day of JANUARY, 2000, in a SUIT NUMBERED 7086 on the docket of said court ALLEGING all of which is more fully shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION**, which is attached hereto.

If this citation is not served within 90 days after date of its issuance, it shall be returned unserved.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT at office, this the 8TH day of FEBRUARY, 2000.

                    MARY SHEPPARD, COUNTY & DISTRICT CLERK
                             RAINS COUNTY, TEXAS

    (SEAL)        BY: _Deborah Taylor_ (Deputy)

                     *OFFICER'S RETURN BY MAILING*

Came to hand on the 8 day of February 2000 and executed by mailing to the Defendant certified mail, return receipt requested a true copy of this citation together with an attached copy of the **PLAINTIFFS' ORIGINAL PETITION** to the following address 350 N PAUL ST, DALLAS, TEXAS, 75201.
Service upon the Defendant is evidenced by the Return Receipt incorporated herein and attached hereto, signed by: C T Co ro
and dated  2-9-00            ; OR, this citation was not executed for the following reason:

_____

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY:  MARY SHEPPARD, DISTRICT CLERK

BY: _Deborah Taylor_ , DEPUTY

I, MARY SHEPPARD, DISTRICT CLERK, do hereby certify that the above and foregoing is a true and correct copy of _____
as placed on file in my office on _____
and of record in Vol. _____ Page _____
Records of Rains County, Texas.
WITNESS MY HAND AND SEAL OF OFFICE this the _____ day of _____

Mary Sheppard, District Clerk

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG 1 OF 2

Citation-General Personal Service
Notice by Certified Mailing

CLERK OF THE COURT:                                    PLAINTIFF'S ATTORNEY
MARY SHEPPARD, DISTRICT CLERK                          EDWARD HOHN
PO BOX 187                                             205 LINDA DRIVE
EMORY, TX 75440                                        DAINGERFIELD, TX 75638

THE STATE OF TEXAS <>           **CERTIFIED MAIL Z-405-684-016**
COUNTY OF RAINS  <>

TO:   *INSIGHT HEALTH SERVICES CORP., C/O SECRETARY OF STATE,*
      *CITATIONS UNIT, PO BOX 12079, AUSTIN, TX 78711-2079,*
      *GREETINGS:*

NOTICE TO DEFENDANT:  YOU HAVE BEEN SUED.  YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR
ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 AM
ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED
THIS CITATION AND A COPY OF THE **PLAINTIFFS' ORIGINAL PETITION** A DEFAULT JUDGMENT MAY BE
TAKEN AGAINST YOU.

WHEREAS, **TRACY DARROW, INDIVIDUALLY AND AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF
BETSY BOATNER, ET AL,** PLAINTIFFS, FILED A **PLAINTIFFS' ORIGINAL PETITION** in the 354th
District Court of Rains County, Texas on the 14TH day of JANUARY, 2000, in a SUIT NUMBERED
7086 on the docket of said court ALLEGING all of which is more fully shown by a true and
correct copy of the **PLAINTIFFS' ORIGINAL PETITION,** which is attached hereto.

If this citation is not served within 90 days after date of its issuance, it shall be
returned unserved.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT at office, this the 8TH day of
**FEBRUARY, 2000.**

                    MARY SHEPPARD, COUNTY & DISTRICT CLERK
                           RAINS COUNTY, TEXAS

   (SEAL)        BY: _Deborah Taylor_ (Deputy)

                      *OFFICER'S RETURN BY MAILING*

Came to hand on the ___ day of _____, 2000 and executed by mailing to the Defendant
certified mail, return receipt requested a true copy of this citation together with an
attached copy of the *PLAINTIFFS' ORIGINAL PETITION* to the following address **PO BOX 12079,
AUSTIN, TEXAS, 78711-2079.**
Service upon the Defendant is evidenced by the Return Receipt incorporated herein and
attached hereto, signed by: _Doug Bennight_
and dated _2-10-00_                    ; OR, this citation was not executed for the
following reason:

_____

TO CERTIFY WHICH WITNESS MY HAND OFFICIALLY:  MARY SHEPPARD, DISTRICT CLERK

BY: _Deborah Taylor_, DEPUTY

I, MARY SHEPPARD, DISTRICT CLERK, do hereby
certify that the above and foregoing is a true and cor-
rect copy of _____
as placed on file in my office on _____
and of record in Vol. _____ Page _____
of the _____
Records of Rains County, Texas.
WITNESS MY HAND AND SEAL OF OFFICE this the
___ day of _____

_____
Mary Sheppard, District Clerk



A COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG ___1___ OF ___2___



COWLES & THOMPSON

A Professional Corporation

ATTORNEYS AND COUNSELORS



SHERRY MACEY
Legal Secretary
972-542-5000 Ext. 230
smacey@cowlesthompson.com

February 4, 2000

Court Clerk
8th Judicial District
P. O. Box 187
Emory, TX 75440-0187

Re:   ***Tracy Darrow, et al vs. Cigna Corporation***
      Cause No. 7086
      Claim No. 941-0070323
      Our File No. 4336/59728

Dear Clerk:

Enclosed you will find the original and one copy of Diagnostic Solutions Corp., Insight Health Services Corp., and Maxum Health Services Corp.'s Motion to Transfer Venue and Original Answer Subject Thereto. Please file the original with the Court's other papers in this matter and return a file-marked copy to this office in the enclosed, self-addressed, stamped envelope.

Thank you for your assistance.

Sincerely,

Sherry Macey
Legal Secretary to
Alan L. Campbell

ssm
Enclosures
cc:   Edward Hohn, w/enclosure, *Certified Mail/Return Receipt Requested*
      John C. Ginn, w/enclosure, *Certified Mail/Return Receipt Requested*

DALLAS      TYLER      McKINNEY

307 S. McDONALD STREET  SUITE 101  McKINNEY, TX. 75069-5659
TEL 972.542.5000  METRO 972.562.2270  FAX 972.542.5040

I, MARY SHEPPARD, DISTRICT CLERK, do hereby certify that the above and foregoing is a true and correct copy of *cover letter* as placed on file in my office on 2/9/00 and of record in Vol. *on file* Page *Cause 7086* of the *Dist Civil* Records of Rains County, Texas. WITNESS MY HAND AND SEAL OF OFFICE this the *29* day of *February* , *2000* .



Mary Sheppard, District Clerk

CAUSE NO. 7086

| | | |
|---|---|---|
| TRACY DARROW, INDIVIDUALLY AND | § | IN THE DISTRICT COURT |
| AS INDEPENDENT ADMINISTRATOR OF | § | |
| THE ESTATE OF BETSY BOATNER, COY | § | |
| BOATNER, THOMAS CROOKS, SHELLEY | § | |
| MATHERS, AND RONNIE WILLIAMS | § | |
| | § | |
| vs. | § | IN AND FOR |
| | § | |
| CIGNA CORPORATION, CIGNA | § | |
| HEALTHCARE OF TEXAS, INC., | § | |
| DIAGNOSTIC SOLUTIONS CORP., | § | |
| INSIGHT HEALTH SERVICES CORP., AND | § | |
| MAXUM HEALTH SERVICES CORP. | § | RAINS COUNTY, TEXAS |

### DEFENDANTS DIAGNOSTIC SOLUTIONS CORP., INSIGHT HEALTH SERVICES CORP., AND MAXUM HEALTH SERVICES CORP.'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER SUBJECT THERETO

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, DIAGNOSTIC SOLUTIONS CORP., INSIGHT HEALTH SERVICES CORP., AND MAXUM HEALTH SERVICES CORP., Defendants in the above-entitled and numbered cause, and file this their Motion to Transfer Venue and Original Answer to Plaintiff's Original Petition Subject Thereto and would respectfully show the Court the following:

### I.

### MOTION TO TRANSFER VENUE

Pursuant to Texas Rule of Civil Procedure 86, Defendants move to transfer venue to Dallas County, Texas. Defendants object to venue in Rains County, Texas, the county in which this suit was filed, on the ground that said county is not a proper county and no valid basis exists mandating or permitting venue in said county. Rains is not a proper county of venue because the alleged acts and omissions as to these Defendants occurred in Dallas County, Texas. None of the acts or omissions alleged against these Defendants occurred in Rains County, Texas. Defendants

DEFENDANTS DIAGNOSTIC SOLUTIONS CORP.,
INSIGHT HEALTH SERVICES CORP., AND MAXUM HEALTH
SERVICES CORP.'S MOTION TO TRANSFER VENUE AND
ORIGINAL ANSWER SUBJECT THERETO – Page 1


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG ___1___ OF ___5___

contend that "all or a substantial part of the events or omissions giving rise to the claim" against these Defendants occurred in Dallas County.  Tex.Civ.Prac. & Rem. Code §15.002(a)(1).  See Plaintiffs' Original Petition herein.  To the extent that Plaintiffs' pleadings may be construed as asserting venue facts, they are hereby specifically denied.  Accordingly, Defendants/Movants request that venue be transferred to Dallas County, a county of proper venue.

## II.

### GENERAL DENIAL AND JURY DEMAND

Subject to the foregoing without waiving same, Defendants deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demand strict proof thereof by a preponderance of evidence before a jury.

## III.

### AFFIRMATIVE DEFENSES

For further answer, if the same be necessary, Defendant affirmatively pleads as follows:

a.      The injuries and damages of which Plaintiffs complain were not caused by any act or omission of Defendants.

b.      The injuries, damages, or liabilities of which the Plaintiffs complain, if any exist, are the result in whole or in part of a pre-existing condition and/or disability and are not the result of any act or omission on the part of Defendants.

c.      The injuries of which Plaintiffs complain, if any exist, were wholly caused by a new and independent cause or causes not reasonably foreseeable by Defendants, or by intervening acts of others which were the sole proximate cause, or in the alternative, a proximate cause to any injuries or damages to Plaintiffs, and therefore, such new and independent acts or causes became the immediate and efficient cause or causes of injury, such that any and all of the

DEFENDANTS DIAGNOSTIC SOLUTIONS CORP.,
INSIGHT HEALTH SERVICES CORP., AND MAXUM HEALTH
SERVICES CORP.'S MOTION TO TRANSFER VENUE AND
ORIGINAL ANSWER SUBJECT THERETO – Page 2


TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG____OF____

negligent acts or omissions of which Plaintiffs complain as to these Defendants were not the cause of any damages or injuries suffered by Plaintiffs.

       d.     The matters of which Plaintiffs complain, if true, were as to these Defendants wholly and completely unavoidable, and if said matters occurred, it was without negligence on the part of these Defendants.  In this connection, Defendants would show that occurrence in question was the result of events and/or conditions which were wholly beyond the scope and control of Defendants, and for which they are not responsible.

       e.     The matters of which Plaintiffs complain, if true, occurred as the result of an unavoidable accident and were not caused by the negligence of any party herein.

       f.     The injuries and damages of which Plaintiffs complain were solely or alternatively, proximately caused by the acts or omissions of a third-party, not party to this litigation, and over whom Defendants had no control.

       g.     At this time, Defendants are unaware of any settlement by any alleged tortfeasor; however, in the event that any settlement is or has been made by any alleged tortfeasor, then Defendants are entitled to full credit, offset, pro rata reduction or percentage reduction based on the percentage of the fault or causation attributable to the settling Defendants herein, and Defendants hereby make known to the other parties and to the Court that they will avail themselves of their rights under Chapter 33 of the Texas Civil Practice and Remedies Code or other statute or common law rule.

       h.     Defendants deny any and all liability on their part to Plaintiffs; however, if the Court or jury should find that Defendants and any other Defendants hereinafter joined in this cause were negligent or otherwise jointly and severally liable to Plaintiffs, then Defendants make known to the Court and the other Defendants herein that they will avail themselves of their rights

**DEFENDANTS DIAGNOSTIC SOLUTIONS CORP.,**
**INSIGHT HEALTH SERVICES CORP., AND MAXUM HEALTH**
**SERVICES CORP.'S MOTION TO TRANSFER VENUE AND**
**ORIGINAL ANSWER SUBJECT THERETO – Page 3**



...E AND CO......
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG __5__ OF __5__

under Chapters 32 and 33 of the Texas Civil Practice and Remedies Code or other applicable statute or common law rule, and would ask the Court to enter judgment for contribution or alternatively, indemnity.

   i.  In the unlikely event that Plaintiffs obtain a judgment in their favor for damages in this case, Defendants would show that their liability is limited by the provisions of Subchapter K of 4590i, § 11.01, et seq.

   j.  In the unlikely event that the Court should submit this cause on the basis of punitive damages, Defendants would show that:

    1.  Consideration of any punitive damages in this civil action violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution;

    2.  An award of punitive damages, if allowed, is a punishment and a quasi-criminal sanction for which these Defendants are not afforded the specific procedural safeguards prescribed by the Fourth, Fifth and Sixth Amendments of the United States Constitution;

    3.  An award of punitive damages, if allowed, would also violate Article 1, Sections 3, 13, and 19 of the Texas Constitution.

   k.  Pleading further, should the same be necessary, in the unlikely event that Plaintiffs obtain a judgment in their favor for punitive damages in this case, Defendants would show that their liability is limited by the provisions of Chapter 41 of the Texas Civil Practice and Remedies Code.

   **WHEREFORE, PREMISES CONSIDERED**, Defendants pray that upon final hearing or trial hereof, Plaintiffs have and recover nothing by this suit and that Defendants go hence with costs without day, and for such other and further relief, both general and special, at law or in equity, to which Defendants may show themselves justly entitled.

**DEFENDANTS DIAGNOSTIC SOLUTIONS CORP.,
INSIGHT HEALTH SERVICES CORP., AND MAXUM HEALTH
SERVICES CORP.'S MOTION TO TRANSFER VENUE AND
ORIGINAL ANSWER SUBJECT THERETO – Page 4**



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN RAINS COUNTY
DISTRICT CLERK'S OFFICE
PG ___ 4 ___ OF ___ 5 ___

Respectfully submitted,

COWLES & THOMPSON

By: _____
ALAN L. CAMPBELL
State Bar No. 03692700

307 S. McDonald Street, Suite 101
McKinney, Texas 75069
METRO (972) 562-2270
(972) 542-5000
FAX: (972) 542-5040

**ATTORNEYS FOR DEFENDANTS
DIAGNOSTIC SOLUTIONS CORP.,
INSIGHT HEALTH SERVICES CORP.,
AND MAXUM HEALTH SERVICES CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been forwarded via certified mail, return receipt requested to counsel for Plaintiffs, Edward Hohn, Nix, Patterson & Roach, 205 Linda Drive, Daingerfield, TX 75638, and John Ginn, Smith, McDowell & Gilar, 315 S. Gilmore, P. O. Box 493, Sulphur Springs, TX 75483, on this the 8th day of February, 2000.

_____
ALAN L. CAMPBELL

DEFENDANTS DIAGNOSTIC SOLUTIONS CORP.,
INSIGHT HEALTH SERVICES CORP., AND MAXUM HEALTH
SERVICES CORP.'S MOTION TO TRANSFER VENUE AND
ORIGINAL ANSWER SUBJECT THERETO – Page 5

I, MARY SHEPPARD, DISTRICT CLERK, do hereby certify that the above and foregoing is a true and correct copy of Original Answer as placed on file in my office on 2/14/00 and of record in Vol. On File Page Cause 7086 of the 31st Civil Records of Rains County, Texas. WITNESS MY HAND AND SEAL OF OFFICE this the 29 day of February, 2000.

_____
Mary Sheppard, District Clerk



**COWL & THOMPSON**
A Professional Corporation

ATTORNEYS AND COUNSELORS

SHERRY MACEY
Legal Secretary
972-542-5000 Ext. 230
smacey@cowlesthompson.com

February 11, 2000

Mary Sheppard, County Clerk
8th Judicial District
P. O. Box 187
Emory, TX 75440-0187

Re:   *Tracy Darrow, et al vs. Cigna Corporation*
      Cause No. 7086
      Claim No. 941-0070323
      Our File No. 4336/59728

Dear Ms. Sheppard:

Enclosed you will find a check in the amount of $25.00 which represents your fee for the filing of our Motion to Transfer Venue. Please forward a file-marked copy of Diagnostic Solutions Corp., Insight Health Services Corp., and Maxum Health Services Corp.'s Motion to Transfer Venue and Original Answer Subject Thereto to this office at your earliest convenience.

Should you require anything further, please contact the undersigned.

Sincerely,

Sherry Macey
Legal Secretary to
Alan L. Campbell

ssm
Enclosure

DALLAS    TYLER    McKINNEY

307 S. McDONALD STREET  SUITE 101  McKINNEY, TX. 75069-5659
TEL 972.542.5000  METRO 972.562.2270  FAX 972.542.5040



I, MARY SHEPPARD, DISTRICT CLERK, do hereby certify that the above and foregoing is a true and correct copy of _Cover letter_ as placed on file in my office on _2/14/00_ and of record in ~~Vol.~~ _file_ ~~Page~~ _Cause 7086_ of the _Dist Civil_ Records of Rains County, Texas. WITNESS MY HAND AND SEAL OF OFFICE this the _21_ day of _February_, _2000_.

Mary Sheppard, District Clerk

COWLES & THOMPSON

A Professional Corporation

ATTORNEYS AND COUNSELORS



ALAN L. CAMPBELL
972-542-5000 Ext. 224
acampbell@cowlesthompson.com

February 21, 2000

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mary Sheppard, District Clerk
P. O. Box 187
Emory, TX 75440-0187

Re:   ***Tracy Darrow, et al vs. Cigna Corporation***
Cause No. 7086
Claim No. 941-0070323
Our File No. 4336/59728

Dear Ms. Sheppard:

The undersigned counsel hereby designates April 13 through 18, 2000 as well as May 25 through 31, 2000, during which he plans to be on vacation. Accordingly, it is requested that no case be requested set or set down for trial or hearing during such period and that this notice of such designated vacation period serve as a predicate for application for continuance, if necessary.

Thank you for your assistance in this matter

Sincerely,

ALAN L. CAMPBELL

ALC/ssm
cc:   Edward Hohn, *Certified Mail/Return Receipt Requested*
John C. Ginn, *Certified Mail/Return Receipt Requested*

DALLAS      TYLER      McKINNEY    |    307 S. McDONALD STREET  SUITE 101  McKINNEY, TX. 75069-5659
TEL 972.542.5000  METRO 972.562.2270  FAX 972.542.5040

I, MARY SHEPPARD, DISTRICT CLERK, do hereby certify that the above and foregoing is a true and correct copy of _Cover Letter_ as placed on file in my office on _2/24/00_ and of record in Vol. _File_ Page _Cause 7086_ of the _1st Civil_ Records of Rains County, Texas. WITNESS MY HAND AND SEAL OF OFFICE this the _29_ day of _February_, _2000_.

_Laura Pate  Deputy_
**Mary Sheppard, District Clerk**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

(1) TRACY DARROW, INDIVIDUALLY AND   §
AS INDEPENDENT ADMINISTRATOR OF   §
THE ESTATE OF BETSY BOATNER,   §
(2) COY BOATNER, (3) THOMAS CROOKS,   §
(4) SHELLEY MATHERS, AND   §
(5) RONNIE WILLIAMS,   §
  §
        Plaintiffs,   §
  §
vs.   §    CIVIL ACTION NO. _____
  §    JURY
(1) CIGNA CORPORATION,   §
(2) CIGNA HEALTHCARE OF TEXAS, INC.,   §
(3) DIAGNOSTIC SOLUTIONS CORP.,   §
(4) INSIGHT HEALTH SERVICES CORP., AND   §
(5) MAXUM HEALTH SERVICES CORP.,   §
  §
        Defendants.   §

## <u>LIST OF PARTIES</u>

Pursuant to Local Rule CV-81(c)(1) of the Local Rules for the United States District

Court for the Eastern District of Texas, Cigna Corporation and Cigna Healthcare of Texas, Inc.

submit the following list of parties:

| | **Party** | **Type** |
|---|---|---|
| 1. | Tracy Darrow, Individually and as Independent Administrator of the Estate of Betsy Boatner | Plaintiff |
| 2. | Coy Boatner | Plaintiff |
| 3. | Thomas Crooks | Plaintiff |
| 4. | Shelley Mathers | Plaintiff |
| 5. | Ronnie Williams | Plaintiff |

| 6. | Cigna Corporation | Defendant |
| 7. | Cigna Healthcare of Texas, Inc. | Defendant |
| 8. | Diagnostic Solutions Corp. | Defendant |
| 9. | Insight Health Services Corp. | Defendant |
| 10. | Maxum Health Services Corp. | Defendant |

**Current Status of Removed Case** – Pending

Respectfully submitted,

E. Stratton Horres, Jr.
Attorney-in-Charge
State Bar No. 10011800
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 698-8000
(214) 698-1101 (Facsimile)

ATTORNEY FOR DEFENDANTS
CIGNA CORPORATION AND
CIGNA HEALTHCARE OF TEXAS, INC.

OF COUNSEL:

Tom Henson
State Bar No. 09494000
RAMEY & FLOCK
100 E. Ferguson St., Suite 500
Tyler, Texas  75702
(903) 597-3301
(903) 597-2413 (Facsimile)

— AND —

WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 698-8000
(214) 698-1101 (Facsimile)

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the

following counsel of record via certified mail, return receipt requested, on March 3, 2000:

Edward L. Hohn
Nix, Patterson & Roach, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638

Brady Paddock
Nix, Patterson & Roach, L.L.P.
4330 McKnight Road
P.O. Box 5946
Texarkana, Texas 75505-5946

John C. Ginn
Smith, McDowell & Ginn
315 S. Gilmer
P.O. Box 493
Sulphur Springs, Texas 75483

Alan L. Campbell
Cowles & Thompson
307 S. McDonald Street, Suite 101
McKinney, Texas 75069

E. Stratton Horres, Jr.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| (1) TRACY DARROW, INDIVIDUALLY AND<br>AS INDEPENDENT ADMINISTRATOR OF<br>THE ESTATE OF BETSY BOATNER,<br>(2) COY BOATNER, (3) THOMAS CROOKS,<br>(4) SHELLEY MATHERS, AND<br>(5) RONNIE WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>(1) CIGNA CORPORATION,<br>(2) CIGNA HEALTHCARE OF TEXAS, INC.,<br>(3) DIAGNOSTIC SOLUTIONS CORP.,<br>(4) INSIGHT HEALTH SERVICES CORP., AND<br>(5) MAXUM HEALTH SERVICES CORP.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br>JURY |

## LIST OF ATTORNEYS

Pursuant to Local Rule CV-81(c)(3) of the Local Rules for the United States District Court for the Eastern District of Texas, Cigna Corporation and Cigna Healthcare of Texas, Inc. submit the following list of attorneys involved in the removed action:

1. **Attorney for Plaintiffs**

    Mr. John C. Ginn
    Texas Bar No. 07966900
    Smith, McDowell & Ginn
    315 S. Gilmer
    P.O. Box 493
    Sulphur Springs, Texas 75483
    (903) 885-3116
    (903) 885-7549 (Facsimile)

Mr. Brady Paddock
Texas Bar No. 00791394
Nix, Patterson & Roach, L.L.P.
4330 McKnight Road
P.O. Box 5946
Texarkana, Texas 75505-5946
(903) 838-4314
(903) 223-8520 (Facsimile)

Mr. Edward L. Hohn
Texas Bar No. 09813240
Nix, Patterson & Roach, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638
(903) 645-7333
(903) 645-5389 (Facsimile)

2.    **Attorney for Defendants, Diagnostic Solutions Corp., Insight Health Services Corp., and Maxum Health Services Corp.**

Mr. Alan L. Campbell
Texas Bar No. 03692700
Cowles & Thompson
307 S. McDonald Street, Suite 101
McKinney, Texas 75069
(972) 542-5000
(972) 542-5040 (Facsimile)

3.    **Attorneys for Defendants, Cigna Corporation and Cigna Healthcare of Texas, Inc.**

Mr. E. Stratton Horres, Jr.
State Bar No. 10011800
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 698-8000
(214) 698-1101 (Facsimile)

Tom Henson
State Bar No. 09494000
RAMEY & FLOCK
100 E. Ferguson St., Suite 500
Tyler, Texas  75702
(903) 597-3301
(903) 597-2413 (Facsimile)

Respectfully submitted,


E. Stratton Horres, Jr.
Attorney-in-Charge
State Bar No. 10011800
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 698-8000
(214) 698-1101 (Facsimile)

ATTORNEY FOR DEFENDANTS
CIGNA CORPORATION AND
CIGNA HEALTHCARE OF TEXAS, INC.


OF COUNSEL:

Tom Henson
State Bar No. 09494000
RAMEY & FLOCK
100 E. Ferguson St., Suite 500
Tyler, Texas  75702
(903) 597-3301
(903) 597-2413 (Facsimile)

WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 698-8000
(214) 698-1101 (Facsimile)


**LIST OF ATTORNEYS**                                        **PAGE 3**
69175.1

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the following counsel of record via certified mail, return receipt requested, on March 3, 2000:

Edward L. Hohn
Nix, Patterson & Roach, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638

Brady Paddock
Nix, Patterson & Roach, L.L.P.
4330 McKnight Road
P.O. Box 5946
Texarkana, Texas 75505-5946

John C. Ginn
Smith, McDowell & Ginn
315 S. Gilmer
P.O. Box 493
Sulphur Springs, Texas 75483

Alan L. Campbell
Cowles & Thompson
307 S. McDonald Street, Suite 101
McKinney, Texas 75069

_____
E. Stratton Horres, Jr.

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| (1) TRACY DARROW, INDIVIDUALLY AND<br>AS INDEPENDENT ADMINISTRATOR OF<br>THE ESTATE OF BETSY BOATNER,<br>(2) COY BOATNER, (3) THOMAS CROOKS,<br>(4) SHELLEY MATHERS, AND<br>(5) RONNIE WILLIAMS,<br><br>          Plaintiffs,<br><br>vs.<br><br>(1) CIGNA CORPORATION,<br>(2) CIGNA HEALTHCARE OF TEXAS, INC.,<br>(3) DIAGNOSTIC SOLUTIONS CORP.,<br>(4) INSIGHT HEALTH SERVICES CORP., AND<br>(5) MAXUM HEALTH SERVICES CORP.,<br><br>          Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br>JURY |

## RECORD OF JURY REQUESTS

Pursuant to Local Rule CV-81(c)(4) of the Local Rules for the United States District Court for the Eastern District of Texas, Cigna Corporation and Cigna Healthcare of Texas, Inc. submit the following list of parties that have requested a trial by jury:

1.    Tracy Darrow, Individually and as Independent Administrator of the Estate of Betsy Boatner

2.    Coy Boatner

3.    Thomas Crooks

4.    Shelley Mathers

5.    Ronnie Williams

Respectfully submitted,

E. Stratton Horres, Jr.
Attorney-in-Charge
State Bar No. 10011800
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 698-8000
(214) 698-1101 (Facsimile)

ATTORNEY FOR DEFENDANTS
CIGNA CORPORATION AND
CIGNA HEALTHCARE OF TEXAS, INC.

OF COUNSEL:

Tom Henson
State Bar No. 09494000
RAMEY & FLOCK
100 E. Ferguson St., Suite 500
Tyler, Texas  75702
(903) 597-3301
(903) 597-2413 (Facsimile)

WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
5000 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 698-8000
(214) 698-1101 (Facsimile)

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the following counsel of record via certified mail, return receipt requested, on March 3, 2000:

Edward L. Hohn
Nix, Patterson & Roach, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638

Brady Paddock
Nix, Patterson & Roach, L.L.P.
4330 McKnight Road
P.O. Box 5946
Texarkana, Texas 75505-5946

John C. Ginn
Smith, McDowell & Ginn
315 S. Gilmer
P.O. Box 493
Sulphur Springs, Texas 75483

Alan L. Campbell
Cowles & Thompson
307 S. McDonald Street, Suite 101
McKinney, Texas 75069

E. Stratton Horres, Jr.