IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TRACY DARROW, ET AL. | § | |
| Vs. | § | CIVIL ACTION NO.6:00CV127 |
| CIGNA CORPORATION, ET AL. | § | |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
APR 17 2000
DAVID J. MALAND, CLERK
BY
DEPUTY

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Remand. After considering the motion, response, and the applicable law, the court is of the opinion that the Motion to Remand is well-taken and should be GRANTED.

### I. BACKGROUND AND PROCEDURAL POSTURE

On January 14, 2000, plaintiffs commenced this wrongful death case in the District Court of Rains County, Texas. Plaintiffs alleged, *inter alia*, state law wrongful death claims under Tex. Rev. Civ. Stat. art. 4590i and Chapter 88 of the Texas Civil Practice and Remedies Code against Cigna, Diagnostic Solutions, Insight, and Maxum arising out of the death of Betsy Boatner ("Boatner"). According to plaintiffs, in April, 1998, Boatner, after feeling a pain in her head and suffering dizziness, made an appointment with her family doctor, Dr. Dee McCrary. At the conclusion of the examination, Dr. McCrary ordered a STAT CT scan to rule out a possible cerebral hemorrhage.

Plaintiffs further allege that Boater was a member of the Cigna Corporation/Cigna Healthcare of Texas, Inc. ("Cigna") health maintenance organization ("HMO") and that, because Cigna had no imaging contract with Presbyterian Hospital in Greenville, Cigna could not schedule Betsy's CT scan at the local hospital. According to plaintiffs, Boatner was directed to Dallas for the



CT scan, and, after encountering traffic in Dallas, was unable to obtain her CT scan because the radiologist had gone home for the day. Finally, plaintiffs allege that Boatner rescheduled her CT scan for the following morning; however, while en route to her appointment, Boatner became unconscious as a result of a ruptured aneurysm and died. The instant lawsuit followed.

The Cigna defendants, joined by the remaining defendants, removed this case on March 6, 2000, asserting that plaintiffs' claims are completely preempted by ERISA because the claims arose out of the denial of a requested benefit, the CT scan. Plaintiffs have moved to remand, asserting that their state law claims challenge the quality of care Boatner received and are not completely preempted by ERISA. Therefore, according to plaintiffs, this court must remand this case to the state court from where it came.

## II. DISCUSSION

To determine whether a case is "removable," the court ordinarily applies the well-pleaded complaint rule. Under this rule, a cause of action "arises under" federal law only if a federal question is presented conspicuously on the face of the plaintiff's properly pleaded complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 103 S.Ct. 2841, 2846-48 (1983). An alleged federal defense, such as conflict preemption, is generally insufficient to warrant removal to federal court. *Gully v. First Nat'l Bank*, 57 S.Ct. 96, 98-100 (1936). However, in certain limited circumstances, Congress has so completely preempted an area that any civil complaint raising that select group of claims necessarily presents a federal question. *Metropolitan Life Ins. Co. v. Taylor*, 107 S.Ct. 1542, 1546 (1987). ERISA's civil enforcement provision is such an area. *See, e.g., Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332 (5th Cir. 1999).

The court has reviewed the arguments and authorities provided by both parties. The issue in this case is whether the plaintiffs' claims challenge the "quantity" of benefits provided under a

utilization review program or the "quality" of benefits provided. If plaintiffs are challenging the "quantity" of benefits provided by an HMO, their suit against CIGNA is, in essence, a suit challenging the denial of benefits and is completely preempted by ERISA's civil enforcement provision. On the other hand, if plaintiffs are challenging the "quality" of benefits provided, their claims are not completely preempted. *See Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321 (5th Cir. 1992)(holding that claims challenging utilization review process directed at quantity of benefits); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350 (3d Cir. 1995)(ordering remand of claims against HMO on grounds that plaintiffs challenged quality of care provided by HMO); *In re U.S. Healthcare*, 193 F.3d 151 (3d Cir 1999). Based on these authorities, the court concludes that the plaintiffs are not challenging the denial of a benefit but rather are complaining of the delay in providing the CT scan for an inordinate amount of time. Courts have characterized similar claims as quality of care claims. *See, e.g., Tiemann v. U.S. Healthcare, Inc.*, 2000 WL 62304 *10 (E.D. Pa. January 11, 2000); *Pappas v. Asbel*, 724 A.2d 889, 892 (Pa. 1988)(noting that "[c]laims that an HMO was negligent when it provided contractually-guaranteed medical benefits in such a dilatory fashion that the patient was injured indisputably are intertwined with the provision of safe medical care"). Accordingly, the court does not believe that plaintiffs' claims against the Cigna defendants are completely preempted. Necessarily, this court lacks subject matter jurisdiction, and this case is will be remanded to the state court. The court declines to comment on whether and to what extent the plaintiffs' claims might be subject to conflict pre-emption and elects to leave that issue to the state court judge handling this case. *See Copling v. The Container Store, Inc.*, 174 F.3d 590, 597 n. 14. Likewise, the court expresses no opinion on the merits of any of the other motions currently pending in this case. It is therefore

ORDERED that this case is REMANDED to the District Court of Rains County, Texas, 8th Judicial District.

So **ORDERED** and **SIGNED** this 17th day of April, 2000.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE